STATE OF WEST VIRGINIA

*v.*

FRED VINES

(No. 12673)

Submitted September 25, 1968.   Decided December 17, 1968.

Petition for rehearing                    Rehearing refused
filed January 16, 1969.                        March 11, 1969.

*Preiser, Greene & Hunt, Stanley E. Preiser and L. Alvin Hunt,* for plaintiff in error.

*C. Donald Robertson,* Attorney General, *Leo Catsonis, Morton I. Taber,* Assistant Attorneys General, for defendant in error.

BROWNING, JUDGE:

In this related case to *State* v. *Nuckols,* 152 W. Va. 736, 166 S. E. 2d 3, decided this same day, the defendant, Fred Vines, was indicted by the grand jury attending the Intermediate Court of Kanawha County for the offense of unlawfully and feloniously making or causing to be made false expense accounts and transmittal sheets, kept by the State of West Virginia, with intent to defraud the State and conceal the true state of accounts. The defendant demurred to the indictment, which demurrer was overruled, and moved for a bill of particulars, which was partially granted, although the bill of particulars, specifying expenses submitted by the defendant allegedly incurred on Decem-

ber 28 and 30, 1964, and the transmittal sheet including them, was not filed by the state until the morning of the trial.

On the trial of the case, the state introduced the defendant's expense account for the month of December, 1964, containing expenses allegedly incurred by the defendant as an investigator for the Department of Motor Vehicles for a trip from Charleston to Elkins on December 28, 1964, in the amount of $31.19 and a trip from Charleston to Richwood on December 30, 1964, in the sum of $29.83; the transmittal sheet, a permanent record kept by the state, covering these expenses; and the warrant issued therefor endorsed by the defendant. The state then produced evidence that the defendant was not in West Virginia on the above dates but was in fact in Colorado Springs, Colorado. The defendant, in his behalf, produced several character witnesses and admitted that he was out of the state on December 28 and 30, 1964, but contended the trips actually were made and the expenses incurred by him, the dates being in error. The state introduced in rebuttal, going to defendant's credibility, other expense accounts submitted by the defendant during his two-year employment by the state, claiming expenses for approximately fifteen trips each month in his investigative capacity, the details of none of which defendant was able to recall.

The jury found the defendant guilty as charged, a motion to set aside the verdict was overruled and judgment was entered sentencing defendant to a term of from one to ten years in the state penitentiary. An application for a writ of error was refused by the Circuit Court of Kanawha County to which action this Court granted a writ of error and supersedeas on June 12, 1967. Errors assigned in this Court are similar to those assigned in the *Nuckols* case and relate to the overruling of the demurrer and various motions and objections of the defendant, the admission of improper evidence and the granting of improper instructions and other related error, and, the overruling of the motion to set aside the verdict and grant a new trial. In connec-

tion with the last mentioned assignment the defendant first raised the question of whether the grand jury and the petit jury were legally constituted and evidence was introduced, by avowal, upon that question which evidence is set forth in some detail in the *Nuckols* opinion.

We are of the opinion that the errors raised by the defendant Vines are without merit and that this case is wholly controlled by the decision in the *Nuckols* case wherein the Court held that the venire from which the grand jurors who indicted both Vines and Nuckols and the petit jurors who tried and convicted each of them was valid. The principal contention with regard to the invalidity of the venire related to the contention that no jury list was prepared by the jury commissioners and that such is mandatory. We agree that preparation of the jury list is mandatory but, as stated in the *Nuckols* opinion, we find that the jury commissioners complied with that mandatory provision of the statute. As heretofore stated, the other assignments of error are without merit, including particularly the contention that the evidence was not sufficient to support the verdict of guilty. The judgments of the Circuit Court of Kanawha County and the Intermediate Court of Kanawha County are affirmed.

*Affirmed.*